IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RECEIVED

OCT 27 2025

ALEXIA STIPA,

     *Plaintiff,*

    v.

                                    CIVIL ACTION

                                    NO. 24-5431

THOMAS JEFFERSON UNIVERSITY

d/b/a THOMAS JEFFERSON

UNIVERSITY HOSPITAL,

     *Defendant.*

---

## **DECLARATION OF ALEXIA STIPA**

I, Alexia Stipa, declare under penalty of perjury that the following is true and correct:

1. I am the Plaintiff in this action. I completed all coursework and over 1,000 hours of clinical training required for a Master's degree in Community and Trauma Counseling at Thomas Jefferson University; however, the University has refused to confer the degree, and the matter remains in dispute. My education and clinical training allow me to professionally document and evaluate patterns of harassment, retaliation, and coercion. My professional background informs every statement herein.

2. I never authorized my former attorneys to settle or dismiss this case. Each time I was pressured to accept a deal, I explicitly refused. I made clear - both verbally and in writing - that I would not even consider settlement until my full evidentiary record was returned to me. The proposed terms were coercive, one-sided, and failed to provide any meaningful relief while demanding an unlawful waiver of my and my child's rights.

3. My attorneys lost the original hard-copy file, which contained thousands of pages of evidence substantiating my ADA and Rehabilitation Act claims. The loss of that material rendered competent representation impossible and prejudiced my case.

4. Months later, a partial electronic subset of that file was transmitted to opposing counsel without my knowledge or consent, while the complete original remained missing. This unauthorized disclosure and the disappearance of the original record deprived the Court of the true evidentiary foundation of this matter.

5. In August 2023, I attempted to withdraw from Fall 2023 classes. My online portal was blocked from processing the withdrawal, and I was subsequently billed despite non-enrollment. Internal communications later revealed that administrative codes were altered to restrict my access.

6. My academic record refutes any suggestion of poor performance. I successfully passed the National Counselor Examination (NCE) - a credential available only to graduate students in their final semester who are nominated by their universities, or to licensed clinicians. The program had also acknowledged an internal grading error affecting my practicum evaluation that should have been corrected long before any academic dispute arose. Despite meeting the eligibility criteria, I was denied entry into the honor society without justification.

7. The so-called settlement proposal offered nothing that the University was not already obligated to correct (including the grade error, improper billing, and basic compliance with disability law). It demanded that I waive all present and future legal rights for both myself and my minor child. I rejected these terms unequivocally, in writing and on record.

8. Recorded conversations and contemporaneous system-generated transcripts capture my former counsel engaging in coercive conduct - including, but not limited to, yelling, threats, and misrepresentation of privilege. These recordings establish that no genuine consent was ever given to any settlement or dismissal.

9. The June 9, 2025 calls were recorded at my husband's business office in Pennsylvania by the office's camera system. The system continuously records audio and video data twenty-four hours a day, seven days a week, and automatically retains recordings for thirty days. The recorded excerpts begin after Attorney Rocco Iacullo advised that allowing my mother to join the call would waive attorney–client privilege. Prior to the start of the recorded portions, Mr. Iacullo had been urging me to accept proposed settlement terms, repeatedly objecting to my request that my mother be present, and expressing frustration with my continued refusal to agree. The recording captures the continuation of that exchange after his statement regarding privilege. During this period, Mr. Iacullo maintained control of the conversation and continued to press for my agreement. For each recording, the platform automatically generated contemporaneous transcripts. The timestamps correspond with the metadata reports, which verify authenticity. No manual editing occurred.

10. During a prior proceeding, it was indicated that, in the event my statements conflicted with those of my attorneys, the Court might rely on counsel's representations. That experience reinforced the importance of creating this declaration as a clear, sworn record supported by contemporaneous documentary and digital evidence.

11. The April 2025 calls were made in Delaware, a one-party-consent jurisdiction. Because only one participant's consent is required under Delaware law, the recordings were lawfully obtained from within my residence. The discussions had already been in progress before recording began, and therefore the recordings do not capture the conversations in their entirety. Recording commenced only after the dialogue became increasingly coercive. During these calls, Attorney Rocco Iacullo, after multiple unsuccessful efforts to secure my agreement to the proposed settlement terms, added Attorney Andrew Favini to the line - this was my first introduction to Mr. Favini. His inclusion appeared intended to reinforce pressure after prior attempts had not succeeded. Mr. Favini joined and disconnected several times using a virtual number, causing brief interruptions that are audible on the recordings and resulted in portions of the discussions going unrecorded. The recordings are offered solely to demonstrate attorney conduct relevant to the absence of informed consent to any settlement.

12. The call logs, recordings, transcripts, and metadata reports align consistently in date, time, and duration. Each metadata report identifies the file path, creation and modification timestamps, and the corresponding digital hash value verifying the authenticity and integrity of the underlying recordings and transcripts.

13. The evidence described above demonstrates that the dismissal of this case occurred under circumstances involving mistake, misconduct, and extraordinary conditions. Vacating the dismissal is necessary to ensure an accurate evidentiary record and to restore a fair opportunity for judicial review.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of October, 2025, at Wilmington, Delaware.

Alexia Stipa

## INTRODUCTION

This motion asks only for fairness. The case was marked "settled" when no settlement ever occurred, and after my attorneys had already lost the only complete copy of my evidence. Federal Rule of Civil Procedure 60(b) gives this Court the power and the duty to correct that injustice.

## LEGAL STANDARD

Relief from a judgment or order is available under **Federal Rule of Civil Procedure 60(b)** where a party demonstrates:

- **Mistake, inadvertence, surprise, or excusable neglect** - Rule 60(b)(1);
- **Fraud, misrepresentation, or misconduct by an opposing party** - Rule 60(b)(3); or
- **Any other reason that justifies relief in extraordinary circumstances** - Rule 60(b)(6).

The United States Supreme Court recently confirmed that Rule 60(b) relief extends even to cases that were voluntarily dismissed.

In Waetzig v. Halliburton Energy Services, Inc., 604 U.S. ___ (2025), the Court held that a voluntary dismissal under Rule 41(a) constitutes a "final proceeding" that may be reopened under Rule 60(b).

The Third Circuit has likewise made clear that an attorney must have actual, express authorization from the client to enter a settlement. In Farris v. J.C. Penney Co., Inc., 176 F.3d 706, 711–12 (3d Cir. 1999), the court reaffirmed that counsel's unilateral decision to settle is insufficient to bind a client, and any purported agreement made without the client's consent is void and unenforceable.

Together, these authorities establish that where a dismissal or settlement is entered without the client's knowing and voluntary consent - and involves mistake, misrepresentation, or attorney misconduct - such action falls squarely within the scope of Rule 60(b) relief.

## Argument

### I. No valid settlement exists.

I never signed, approved, or verbally agreed to any settlement terms. No email, letter, recording, or transcript reflects otherwise. Under controlling Third Circuit precedent, a dismissal based on a purported settlement requires **actual client authorization** - which is entirely absent here. A dismissal premised on nonexistent consent cannot stand.

### II. Counsel's loss of my complete file created structural unfairness.

My former attorneys lost my full evidentiary file - the only complete record of proof supporting my ADA and Rehabilitation Act claims. Without that material, counsel could not prepare depositions, respond to discovery, or accurately brief dispositive motions. They acknowledged this loss only after the case had already been reported as "settled," leaving both the defense and the Court with the false impression that the matter had been competently litigated on a complete record.

### III. Extraordinary circumstances justify reopening.

This is not a case of routine neglect or procedural error. It involves the disappearance of the evidentiary record itself, combined with coercive and unauthorized conduct by counsel. The record - including call transcripts and contemporaneous emails - shows repeated pressure to accept a settlement I never authorized. Such misconduct and structural breakdown in representation meet the threshold for extraordinary circumstances under Rule 60(b)(6).

### IV. Reopening serves justice and public policy.

This case raises significant issues under the **Americans with Disabilities Act** and the **Rehabilitation Act**, concerning the treatment of disabled graduate students in higher education. Permitting a dismissal obtained through unauthorized action and an incomplete record to remain in place would reward misconduct, erode confidence in the judicial process, and deter meritorious civil-rights claims. Reopening ensures the case can be adjudicated on its merits rather than the product of error and coercion.

## CONCLUSION

For these reasons - and those detailed in the accompanying Declaration and Exhibits - Plaintiff respectfully requests that the Court:

1. **Vacate the dismissal;**

2. **Reopen the case** under Rule 60(b); and

3. **Schedule a status conference** to set renewed proceedings on the merits.

Respectfully submitted,

Alexia Stipa (Pro Se Plaintiff)

605 Hillside Ave.

Wilmington, DE 19805

(215) 205-0157

alexiastipa1@gmail.com

Dated: October 24, 2025

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALEXIA STIPA,

    *Plaintiff,*

v.

THOMAS JEFFERSON UNIVERSITY
d/b/a THOMAS JEFFERSON
UNIVERSITY HOSPITAL,

    *Defendant.*

CIVIL ACTION

NO. 24-5431

---

## EXHIBIT INDEX – PLAINTIFF'S MOTION TO VACATE DISMISSAL

*(Filed and served October 24, 2025)*

### I. Core Filings

| Exhibit No. | Title | Date | Description |
|---|---|---|---|
| PX-1 | Plaintiff's Motion to Vacate Dismissal | 10/24/25 | Primary motion under Fed. R. Civ. P. 60(b). |
| PX-2 | Memorandum of Law in Support | 10/24/25 | Legal standards and argument. |
| PX-3 | Proposed Order | 10/24/25 | Order vacating dismissal and scheduling status conference. |

## II. Declarations and Witness Statements

| Exhibit No. | Title | Date | Description |
|---|---|---|---|
| PX-4 | Declaration of Alexia Stipa | 10/24/25 | Factual declaration supporting relief. |
| PX-5 | Statement of James Colson | 10/24/25 | Authentication of June 9 2025 recording. |
| PX-6 | Statement of Frances Stipa | 10/24/25 | Authentication of same recording and participation. |

## III. Subpoenas

| Exhibit No. | Title | Date | Description |
|---|---|---|---|
| PX-7 | Subpoena to Appear – Rocco Iacullo, Esq. | 10/24/25 | Witness subpoena for hearing. |
| PX-8 | Subpoena to Appear – Andrew Favini, Esq. | 10/24/25 | Witness subpoena for hearing. |
| PX-9 | Subpoena to Appear – James Colson | 10/24/25 | Witness subpoena. |
| PX-10 | Subpoena to Appear – Frances Stipa | 10/24/25 | Witness subpoena. |

## IV. Record and Evidence Files

| Exhibit No. | Title | Date | Description |
|---|---|---|---|
| PX-11 | Video of Call with Rocco Iacullo & Frances Stipa (June 9 2025) | 06/09/25 | Audio/video recording referenced in declarations. |
| PX-12 | Transcript of June 9 2025 Call | 06/09/25 | Transcript of PX-11. |
| PX-13 | Metadata Screenshot – June 9 2025 Recording | 06/09/25 | File origin and data integrity proof. |
| PX-14 | Audio/Video Files – April 1 2025 Calls with Iacullo & Favini | 04/01/25 | Additional recorded attorney communications. |

| Exhibit No. | Title | Date | Description |
|---|---|---|---|
| PX-15 | Transcripts of April 1 2025 Calls | 04/01/25 | Word-for-word transcripts corresponding to PX-14. |
| PX-16 | Metadata Screenshots – April 1 2025 Recordings | 04/01/25 | File verification and timestamps. |

## V. Defense Production and Correspondence

| Exhibit No. | Title | Date | Description |
|---|---|---|---|
| PX-17 | Defense Document Production – Combined Files 1–7 | Various | Defense discovery responses (complete set). |
| PX-18 | Defense Emails re Settlement Negotiations (May–July 2025) | 05–07/25 | Emails reflecting unauthorized settlement attempts. |
| PX-19 | Draft Confidential Settlement and Release Agreements | 06/02/25 | Unexecuted drafts circulated by counsel. |
| PX-20 | Judge Pappert Letter & Rule 41(b) Dismissal Order | 05/30/25 | Orders and communications forming basis for 60(b) motion. |

## VI. Academic and Institutional Records

| Exhibit No. | Title | Date | Description |
|---|---|---|---|
| PX-21 | Student Handbooks (2021–2024 CTC Program) | 2021–2024 | Institutional policies relevant to ADA/504 compliance. |
| PX-22 | Clinical and Internship Contracts & Hour Logs | 2022–2023 | Proof of completed internship and academic progress. |
| PX-23 | Grading & Change-of-Grade Forms | 2022 | Documentation of academic record accuracy. |

## VII. Procedural and Service Proofs

| Exhibit No. | Title | Date | Description |
|---|---|---|---|
| PX-24 | Combined Service Certification – Electronic & Manual Delivery | 10/24/25 | Proof of EDS filing and physical service of materials. |
| PX-25 | Witness Fee and Delivery Receipts | 10/24/25 | Receipts and acknowledgments for subpoenas. |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALEXIA STIPA,

　　　　　　　　*Plaintiff,*

　　v.

THOMAS JEFFERSON UNIVERSITY

d/b/a THOMAS JEFFERSON

UNIVERSITY HOSPITAL,

　　　　　　　*Defendant.*

CIVIL ACTION

NO. 24-5431

## COMBINED SERVICE CERTIFICATION – ELECTRONIC & MANUAL DELIVERY

I, Alexia Stipa, Plaintiff Pro Se, certify that on October 24, 2025, I filed and served the following documents and materials related to this case by a combination of Electronic Document Submission (EDS) and manual service (paper and flash-drive copies) as described below.

Documents Included:

- Subpoenas to Appear – Rocco Iacullo, Esq.; Andrew Favini, Esq.; James Colson; Frances Stipa
- Declarations of James Colson and Frances Stipa
- All referenced exhibits, motions, and supporting evidence
- Certificates of Service, Proof-of-Delivery Forms, and Witness Fee Statements
- Audio/video recordings and metadata files referenced in the declarations

**Certification**

I declare under penalty of perjury that the information above is true and correct.
All materials were served in full, by the methods stated, and to the proper recipients.


_____

Alexia Stipa (Plaintiff - Pro Se)

Executed on October 24, 2025, in Philadelphia, PA.

ALEXIA STIPA,

       *Plaintiff,*

   v.

THOMAS JEFFERSON UNIVERSITY

d/b/a THOMAS JEFFERSON

UNIVERSITY HOSPITAL,

       *Defendant.*

CIVIL ACTION

NO. 24-5431

## PLAINTIFF'S MOTION TO VACATE DISMISSAL

## UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)

Plaintiff, Alexia Stipa, moves this Honorable Court to vacate the dismissal entered in this matter and to restore the case to the active docket pursuant to Rule 60(b)(1), (3), and (6). This motion rests on three uncontested truths:

1. **No consent ever existed.** At no time did I authorize any settlement or dismissal. My attorneys acted without express authority, misrepresented my position, and attempted to finalize an agreement I had clearly rejected.

2. **Counsel's loss of the complete evidence record rendered competent representation impossible, prejudicing the Plaintiff.**

Before any depositions or "settlement" discussions took place, counsel admitted that my only comprehensive hard-copy case file - containing thousands of pages of ADA and Rehabilitation Act evidence - had been misplaced. Months later, after the case was already reported as "settled," they produced only a partial electronic subset. The loss of the original file irreparably compromised my ability to be represented fairly and deprived the Court of the true evidentiary foundation of this case.

3. **Misconduct and extraordinary circumstances.** Recordings and correspondence show coercion, misrepresentation, and efforts to push an unauthorized deal while concealing the file loss. These are precisely the "misconduct" and "extraordinary circumstances" that Rule 60(b)(3) and (6) were designed to remedy.

**Authority**. Rule 60(b) authorizes relief from a judgment obtained through mistake, misconduct, or extraordinary circumstances. See *Waetzig v. Halliburton Energy Servs., Inc.*, 601 U.S. ___ (2025) (holding that Rule 60(b) applies to voluntary dismissals). The Third Circuit likewise holds that a settlement is enforceable only when the client gives actual authority to counsel. *Farris v. J.C. Penney Co.*, 176 F.3d 706, 711–12 (3d Cir. 1999).

**Underlying Merits Demonstrate Good Cause to Reopen.**

The record relied upon to justify dismissal and summary judgment was incomplete and inaccurate. Key academic and administrative records were omitted or missing from the file that counsel later admitted had been lost. Those materials directly refute Jefferson's portrayal of my academic standing and progress. Because the Court's prior assessment necessarily relied on an incomplete record, fundamental fairness requires that the case be reopened so the full evidentiary foundation can be considered.

**Relief Requested**

*For these reasons, Plaintiff respectfully requests that the Court:*

1. Vacate the dismissal and reopen the case.

2. Decline enforcement of any purported settlement lacking Plaintiff's express written consent.

3. Schedule a status conference to reset deadlines and permit renewed motions practice, including leave to amend the complaint and address prior deposition irregularities.

4. Grant such other and further equitable relief as justice and fairness require.

Dated: October 24, 2025

Respectfully submitted,

Alexia Stipa (Pro Se Plaintiff)

605 Hillside Ave.

Wilmington, DE 19805

(215) 205-0157

alexiastipa1@gmail.com

## Statement of James Colson

I, James Colson, state the following from my own knowledge:

1. I am the husband of Alexia Stipa.

2. On June 9, 2025, a recording was captured by the security system at my business office in Pennsylvania. The system records audio and video continuously and retains footage for about 30 days.

3. The recording accurately shows what occurred during that time. It has not been edited, altered, or tampered with.

4. I am familiar with how the system operates and can verify the recording and its metadata if asked to testify.

5. At the time the recording was preserved, Alexia's attorney on the call stated he was "waiving privilege" and Alexia then joined her mother into the conversation. We preserved the recording based on that statement and, in the alternative, on the legal exceptions we believed applied to the capture and retention of the recording (including applicable wiretapping-law exceptions).

6. More than 30 days have passed since the recording was made, and - so far as I know - this is the only copy of that time period that remains accessible from the system due to its prior preservation.

James Colson

Signed: October 24, 2025, in Kennett Square, PA.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALEXIA STIPA, | |
| *Plaintiff,* | |
| | CIVIL ACTION |
| v. | NO. 24-5431 |
| THOMAS JEFFERSON UNIVERSITY | |
| d/b/a THOMAS JEFFERSON | |
| UNIVERSITY HOSPITAL, | |
| *Defendant.* | |

## PROPOSED ORDER

AND NOW, this _____ day of _____, 2025, upon consideration of Plaintiff's Motion to Vacate Dismissal under Fed. R. Civ. P. 60(b) and the supporting Memorandum, Declaration, and Exhibits, it is ORDERED that the Motion is GRANTED.

1. The dismissal entered in this case is VACATED, and the matter is REOPENED.

2. Any purported settlement lacking Plaintiff's express written consent is DECLINED for enforcement.

3. A status conference is set for _____ at _____ in Courtroom _____ of the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106.

BY THE COURT:

_____

GERALD J. PAPPERT, U.S.D.J.





Civil Action
No. 24-5431