# MEMORANDUM OF LAW

## INTRODUCTION

This motion asks only for fairness. The case was marked "settled" when no settlement ever occurred, and after my attorneys had already lost the only complete copy of my evidence. Federal Rule of Civil Procedure 60(b) gives this Court the power and the duty to correct that injustice.

## LEGAL STANDARD

Relief from a judgment or order is available under **Federal Rule of Civil Procedure 60(b)** where a party demonstrates:

- **Mistake, inadvertence, surprise, or excusable neglect** - Rule 60(b)(1);

- **Fraud, misrepresentation, or misconduct by an opposing party** - Rule 60(b)(3); or

- **Any other reason that justifies relief in extraordinary circumstances** - Rule 60(b)(6).

The United States Supreme Court recently confirmed that Rule 60(b) relief extends even to cases that were voluntarily dismissed.

In Waetzig v. Halliburton Energy Services, Inc., 604 U.S. __ (2025), the Court held that a voluntary dismissal under Rule 41(a) constitutes a "final proceeding" that may be reopened under Rule 60(b).

The Third Circuit has likewise made clear that an attorney must have actual, express authorization from the client to enter a settlement. In Farris v. J.C. Penney Co., Inc., 176 F.3d 706, 711–12 (3d Cir. 1999), the court reaffirmed that counsel's unilateral decision to settle is insufficient to bind a client, and any purported agreement made without the client's consent is void and unenforceable.

Together, these authorities establish that where a dismissal or settlement is entered without the client's knowing and voluntary consent - and involves mistake, misrepresentation, or attorney misconduct - such action falls squarely within the scope of Rule 60(b) relief.

## Argument

### I. No valid settlement exists.

I never signed, approved, or verbally agreed to any settlement terms. No email, letter, recording, or transcript reflects otherwise. Under controlling Third Circuit precedent, a dismissal based on a purported settlement requires **actual client authorization** - which is entirely absent here. A dismissal premised on nonexistent consent cannot stand.

### II. Counsel's loss of my complete file created structural unfairness.

My former attorneys lost my full evidentiary file - the only complete record of proof supporting my ADA and Rehabilitation Act claims. Without that material, counsel could not prepare depositions, respond to discovery, or accurately brief dispositive motions. They acknowledged this loss only after the case had already been reported as "settled," leaving both the defense and the Court with the false impression that the matter had been competently litigated on a complete record.

### III. Extraordinary circumstances justify reopening.

This is not a case of routine neglect or procedural error. It involves the disappearance of the evidentiary record itself, combined with coercive and unauthorized conduct by counsel. The record - including call transcripts and contemporaneous emails - shows repeated pressure to accept a settlement I never authorized. Such misconduct and structural breakdown in representation meet the threshold for **extraordinary circumstances** under Rule 60(b)(6).

### IV. Reopening serves justice and public policy.

This case raises significant issues under the **Americans with Disabilities Act** and the **Rehabilitation Act**, concerning the treatment of disabled graduate students in higher education. Permitting a dismissal obtained through unauthorized action and an incomplete record to remain in place would reward misconduct, erode confidence in the judicial process, and deter meritorious civil-rights claims. Reopening ensures the case can be adjudicated on its merits rather than the product of error and coercion.

## CONCLUSION

For these reasons - and those detailed in the accompanying Declaration and Exhibits - Plaintiff respectfully requests that the Court:

1. **Vacate the dismissal;**

2. **Reopen the case** under Rule 60(b); and

3. **Schedule a status conference** to set renewed proceedings on the merits.

Respectfully submitted,

Alexia Stipa (Pro Se Plaintiff)

605 Hillside Ave.

Wilmington, DE 19805

(215) 205-0157

alexiastipa1@gmail.com

Dated: October 24, 2025