IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| ALEXIA STIPA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action |
| | : No. 24-5431 |
| | : |
| THOMAS JEFFERSON UNIVERSITY, | : |
| d/b/a THOMAS JEFFERSON | : |
| UNIVERSITY HOSPITAL. | : |
| | : |
| Defendant. | : |
| | : |

_____

**MOTION TO VACATE DISMISSAL ORDER AND
FOR PERMISSION TO WITHDRAW AS COUNSEL**

Plaintiff's counsel hereby moves this Court, pursuant to Local Rule of Civil Procedure 41.1(b), to vacate the Court's June 2, 2025 Dismissal Order, and to seek permission to withdraw as Plaintiff's counsel pursuant to Local Rule of Civil Procedure 5.1(b) and in accordance with Pennsylvania Rule of Professional Conduct 1.16(b)(5)-(7).  In support thereof, Plaintiff's counsel states as follows:

1.      Plaintiff filed a Complaint on October 10, 2024. (Doc. 1).

2.      Defendant filed its Answer to Plaintiff's Complaint on December 5, 2024. (Doc. 9).

3.      Plaintiff's counsel represents that the parties engaged in four months of discovery, which entailed the exchange of written interrogatories and requests

for production of documents, five depositions, and the production and exchange of thousands of pages of documents and medical records.

4. Discovery ended on April 24, 2025 pursuant to the Court's amended scheduling Order. (Doc. 17).

5. From the initiation of the litigation, the parties engaged in settlement negotiations in a good faith attempt to amicably resolve this matter.

6. On March 27, 2025, Defendant made an offer to Plaintiff to settle this matter.  Plaintiff's counsel has emails between it and Defendant's counsel reflecting this settlement offer and further settlement negotiations but as these communications contain attorney-client privileged information and confidential settlement information they will not be provided in an exhibit within this filing - Plaintiff's counsel can file these communications under seal if the Court requires it.

7. The parties engaged in further negotiations over the next few months, including the exchange of additional counter-demands and offers, and, ultimately, an agreement was reached by the parties on May 30, 2025.

8. Pursuant to Local Rule of Civil Procedure 41.1(a), on June 2, 2025, this Court dismissed this action with prejudice based on the representation of counsel that an agreement was reached.  (Doc. 19).

9. Since that date, Plaintiff's counsel has made numerous, good faith efforts to communicate with Ms. Stipa to obtain and effectuate her approval and signature of a formal, written confidential settlement agreement without success.

10. Plaintiff's counsel has emails between it and Ms. Stipa substantiating efforts to communicate with Ms. Stipa regarding finalizing the settlement agreement and her lack of response but as these communications contain attorney-client privileged information and confidential settlement information they will not be provided in an exhibit within this filing - Plaintiff's counsel can file these communications under seal if the Court requires it.

11. On June 4, 2025, Plaintiff's counsel sent Ms. Stipa an email advising her of the receipt of Defendant's draft, written confidential settlement agreement and release ("agreement") and requested to schedule a phone call to review the agreement. Ms. Stipa did not respond to this email.

12. On June 6, 2025, Plaintiff's counsel sent Ms. Stipa a copy of the draft agreement for her review.

13. On June 6, 2025, Plaintiff's counsel called Ms. Stipa to discuss the draft agreement. Ms. Stipa had some questions about the written agreement, which Plaintiff's counsel attempted to address.

14. On June 6, 2025, Plaintiff's counsel emailed Ms. Stipa again to respond to her questions about the agreement.

15. Plaintiff's counsel then emailed Ms. Stipa on June 9, 2025, providing proposed language changes to the draft agreement to send to Defendant's counsel and requesting her permission to send to Defendant's counsel.

16. Plaintiff's counsel did not receive a response from Ms. Stipa to the June 9, 2025 email.

17. Plaintiff's counsel again emailed Ms. Stipa on June 17, 2025 to request her permission to send the proposed agreement changes to Defendant's counsel but received no response.

18. Plaintiff's counsel again emailed Ms. Stipa on June 25, 2025 to request her decision on whether she would approve the proposed agreement changes and/or sign the agreement. While Ms. Stipa responded, she did not advise us whether she would sign the agreement or even whether counsel could send proposed changes to Defendant's counsel.

19. Plaintiff's counsel emailed Ms. Stipa on June 26, 2025 to again advise her that we needed her decision in advance of the deadline imposed by Loc. R. Civ. P. 41.1 (b) to provide sufficient time to negotiate over the proposed language and to ensure that her ability to re-open the case was preserved in the event no agreement was finalized. Plaintiff's counsel did not receive a response from Ms. Stipa to this email.

20. After receiving no reply to the above emails, Plaintiff's counsel sent a letter on July 1, 2025 to Ms. Stipa reiterating that she has ninety days until she is barred from re-opening her case if the agreement is not finalized. Plaintiff's counsel again requested that Ms. Stipa advise if we could send the proposed agreement changes to Defendant's counsel.

21. While Ms. Stipa responded via email on July 8, 2025 to Plaintiff's counsel's paralegal staff and requested her case file, she did not provide her decision on the agreement.

22. Plaintiff's counsel then left a voicemail for Ms. Stipa on July 8, 2025 to again attempt to determine Ms. Stipa's decision on signing the agreement. Plaintiff's counsel did not receive any response from Ms. Stipa.

23. Plaintiff's counsel sent another letter on July 10, 2025 to Ms. Stipa requesting that she advise us by July 14, 2025 as to whether or not she was still willing to sign the agreement and warning her that we would seek to withdraw as her counsel if she did not respond. Ms. Stipa did not respond to this letter.

24. On July 16, 2025, Plaintiff's counsel sent Ms. Stipa her case file electronically via email and provided her with another deadline of July 25, 2025 to provide an answer regarding her decision on signing the agreement. Ms. Stipa did not respond to this email.

25. Plaintiff's counsel then called and left voicemails for Ms. Stipa on July 28, 2025 and August 4, 2025. Ms. Stipa did not respond to these calls and voicemails.

26. Plaintiff's counsel sent an email to Ms. Stipa on August 4, 2025 advising her that since she had failed to respond, counsel had no choice but to move to vacate this Court's Dismissal Order and to request the Court's permission

to withdraw as her counsel. It further requested Ms. Stipa to advise if she had decided to sign the agreement or not. Ms. Stipa did not respond to this email.

27. On August 6, 2025, Plaintiff's counsel sent an email to Ms. Stipa's mother and copied Ms. Stipa asking for her assistance in reaching Ms. Stipa. Ms. Stipa nor her mother have responded to this email.

28. As detailed infra, Plaintiff's counsel has undertaken numerous, good faith attempts to obtain Ms. Stipa's cooperation in finalizing and executing the written settlement agreement.

29. However, Ms. Stipa has refused to provide Plaintiff's counsel with an answer as to whether she will sign the agreement or even grant counsel permission to negotiate proposed changes to the agreement.

30. Ms. Stipa has now stopped responding to any of Plaintiff's counsel's communications.

31. Plaintiff's counsel seeks permission from this Court to withdraw as Ms. Stipa's counsel pursuant to Loc. R. Civ. P. 5.1(b) and in accordance with Pa. Rule of Prof'l Conduct R. 1.16(b)(5)-(7) since she has stopped communicating with us and is refusing to cooperate with our representation.

32. Plaintiff's counsel requests this Court vacate its June 2, 2025 Dismissal Order pursuant to Loc. R. Civ. P. 41.1(b) to preserve Ms. Stipa's interests and to provide her with an opportunity to seek new counsel.

WHEREFORE, Plaintiff's counsel respectfully requests that this Court vacate its June 2, 2025 Dismissal Order and grant the undersigned counsel permission to withdraw as Ms. Stipa's counsel in this matter.

Dated:  August 15, 2025     By:   /s/ Rocco Iacullo
Rocco Iacullo, Esq.
Attorney I.D. No. 86144
Andrew Favini, Esq.
Attorney I.D. No. 316339
Disability Rights Pennsylvania
1800 JFK Boulevard, Suite 900
Philadelphia, PA  19103-7421
215-583-8230
riacullo@disabilityrightspa.org
afavini@disabilityrightspa.org

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2025, the foregoing Plaintiff's Motion to Vacate the Court's Dismissal Order and For Permission to Withdraw as Counsel was filed with the Court's ECF system and is available for viewing and downloading from the ECF system by the following counsel who consented to electronic service:

Michael A. Morse, Esquire
Alexander T. Owens, Esquire
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: (215) 320-6200
Facsimile: (215) 754-5191
MAM@Pietragallo.com

By:    /s/ *Rocco Iacullo*
      Rocco Iacullo